UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DAVID T. FRAZIER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 1:14-CV-134 |
| | ) | | 1:09-CR-188 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | Judge Collier | |
| Respondent. | ) | | |

**M E M O R A N D U M**

Before the Court are multiple filings by Petitioner, David T. Frazier: two motions for an extension of time to file a motion to reconsider the Court's denial of Petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure as to the denial of Petitioner's 28 U.S.C. § 2255 motion (Docs. 144, 149[1]); a motion to reconsider the Court's denial of Petitioner's motion for relief from judgment under Rule 60(b) (Doc. 150); two motions to take judicial notice in connection with Petitioner's motion to reconsider, one of which also moves for a hearing (Docs. 151, 162); a citation of supplemental authorities (Doc. 159); two motions challenging Petitioner's presentence investigation report (the "PSR") (Docs. 146, 148); an affidavit that the undersigned is biased or prejudiced against Petitioner (Doc. 153); and a motion for bond (Doc. 160).

I. **BACKGROUND**

In 2010, Petitioner pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841b)(1)(A)). (Docs. 46, 53.) Petitioner was sentenced to 294 months' imprisonment after the

---

[1] Citations are to the docket in case 1:09-cr-188.

Court found him to be a career offender under § 4B1.1 of the United States Sentencing Guidelines, based on his two prior Tennessee convictions for felony evading arrest. (Doc. 60.) On appeal, the Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence on February 19, 2013. (Doc. 76.) Petitioner did not seek a writ of certiorari from the Supreme Court.

Petitioner filed a § 2255 motion, as amended, asking the Court to set aside his career-offender enhancement based on the fact that his predicate state convictions for felony evading arrest, which carried two concurrent two-year sentences, were vacated and reimposed as two consecutive one-year sentences by the Tennessee Criminal Court for Polk County on July 21, 2014 (the "July 2014 Order"). (*See* Doc. 80 at 7, 20; Doc. 87 at 1–2, 5–7; Doc. 117 (granting leave to amend § 2255 motion).) The state court took this action because Tennessee Code Annotated § 40-20-111(b) required Petitioner to serve consecutive terms, not concurrent ones, given that Petitioner committed the second offense while on bail. Petitioner characterized the state court's action as having voided his evading-arrest convictions, making them void *ab initio*. Petitioner's § 2255 motion also argued that he had received ineffective assistance of counsel at sentencing because his counsel had not challenged the validity of his felony-evading-arrest convictions. (Doc. 84 at 1.)

This Court denied Petitioner's § 2255 motion on March 8, 2016. (Doc. 117.) The Court noted that that while there is some precedent

> for the proposition that vacatur of a state sentence previously used to enhance a federal sentence under the [United States Sentencing] Guidelines is sufficiently exceptional as to constitute grounds for relief under § 2255[,] . . . none of the cited cases address a situation where the petitioner's underlying sentences were vacated on the basis of a procedural technicality and then promptly reimposed.

(Doc. 116 at 13–14.) The Court concluded that "where there is no dispute that Petitioner both committed and currently has lawful convictions for the underlying offenses, relying on those convictions to enhance his sentence does not result in a miscarriage of justice." (*Id.* at 14–15.)

Petitioner appealed the Court's denial of his § 2255 motion. The Court of Appeals for the Sixth Circuit denied a certificate of appealability on Petitioner's claim that "his career offender status is improper because his prior state sentences have been vacated." (*See* Doc. 123 at 3, 5.) The Court of Appeals also denied his later motion for reconsideration as to a certificate of appealability on this issue. (*See* Doc. 126 at 3–4.)

Petitioner filed a motion under Rule 60(b) on March 12, 2018, seeking relief from the denial of his § 2255 motion, and an amended motion on August 6, 2018. (Docs. 130, 131.) He filed supplements on December 3 and December 12, 2018. (Docs. 136, 137.) Petitioner argued that he had new evidence that one or both of his evading-arrest convictions were void. (Doc. 130 at 3; Doc. 131 at 4.) He submitted a state-court order dated August 20, 2015 (the "August 2015 Order"), which he contended showed that the evading-arrest judgments, as reimposed in the July 2014 Order, were also illegal and therefore void. (Doc. 130 at 3, 4, 6, 19–30; Doc. 131 at 4, 13, 19–31.)

The Court denied Petitioner's Rule 60(b) motion on September 27, 2019. (Doc. 143.) The Court found that the August 2015 Order did not void Petitioner's original evading-arrest convictions; rather, it voided the July 2014 Order, which had vacated and reimposed the sentences for those convictions. (Doc. 143 at 4.) The August 2015 Order "treat[ed] Petitioner's claims [attacking the original judgments] as still validly pending" and set an evidentiary hearing for November 2015 to resolve Petitioner's attack on his evading-arrest judgments. (*Id.* (quoting Aug. 2015 Order, Doc. 130 at 27, 30.) In discussing the status of Petitioner's evading-arrest judgments, the Court noted that Petitioner had not submitted any documents showing the ultimate resolution of his attack on the concurrent sentences. (*Id.* at 4 n.3.)

Petitioner has since made multiple filings. Among other matters, he has filed a copy of a Memorandum Opinion from the Court of Criminal Appeals of Tennessee dated June 27, 2017, (the

3

"June 2017 Order"), affirming the state trial court's dismissal, on December 15, 2015, of Petitioner's motion to correct the allegedly illegal evading-arrest sentences. (Doc. 144 at 20–22.) As grounds, the June 2017 Order held Petitioner's motion to correct illegal sentences failed to state a colorable claim, because the allegedly illegal sentences had already expired.

## II.     STANDARD OF REVIEW FOR *PRO SE* LITIGANT

Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, even *pro se* litigants are required to comply with the rules of procedure. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

## III.     RECUSAL

Petitioner has filed an "Affidavit of Bias or Prejudice of Judge Curtis Collier." (Doc. 153.) The Court turns to these allegations first, because recusal would make it improper for the undersigned to consider Petitioner's other filings.

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification is required "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009). Disqualification is also required "[w]here [the judge] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall

proceed no further therein, but another judge shall be assigned to hear such proceeding." "[T]he affidavit must allege facts showing 'a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001).

Petitioner's first ground for asserting bias is that the Court's denial of his Rule 60(b) motion faulted Petitioner for failing to submit the ultimate state-court decision, when Petitioner argues Rule 2 of the Rules Governing Section 2255 Proceedings (the "2255 Rules") does not require a petitioner to attach all of his evidence to his § 2255 motion. (Doc. 153 at 1–2.) Petitioner's argument does not show a personal bias or prejudice. A motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is not an application for relief under § 2255, and therefore is not subject to Rule 2 of the 2255 Rules. But even if Petitioner were correct that the Court should have applied Rule 2 of the 2255 Rules to Petitioner's Rule 60(b) motion, this would show only the Court's view of the law, not any personal bias against Petitioner. *See Ullmo*, 273 F.3d at 681.

Petitioner's second ground for asserting bias is that the undersigned took a long time to rule on Petitioner's Rule 60(b) motion in this case and had not yet ruled on Petitioner's motion for an extension of time, but had ruled within a month on Petitioner's Rule 60(b) motion and subsequent motion to reconsider in an action Petitioner brought under 42 U.S.C. § 1983 related to his evading-arrest convictions. (Doc. 153 at 2–3 (citing Case No. 1:15-cv-89.) The Court fails to see how a difference in the speed of the Court's ruling on Petitioner's motions in two different actions could indicate a personal bias or prejudice against Petitioner; Petitioner was the same person in both actions.

The remainder of Petitioner's affidavit discusses the merits of Petitioner's § 2255 motion and Rule 60(b) motion and his efforts to have his PSR amended to remove any reference to the

evading-arrest convictions. (Doc. 153 at 3–8.) These matters also do not show a personal bias or prejudice against Petitioner.

Lacking any sufficient allegations of personal bias or prejudice by the undersigned against Petitioner, the Court concludes there are no grounds to support recusal from this matter.

## IV. MOTION FOR RECONSIDERATION AND ASSOCIATED FILINGS

Petitioner has filed two motions for an extension of time to file a motion for reconsideration of the Court's denial of Petitioner's motion for relief from judgment under Rule 60(b) (Docs. 144, 149); a motion to reconsider the Court's denial of Petitioner's previous Rule 60(b) motion for relief from judgment (Doc. 150); two motions to take judicial notice in connection with Petitioner's motion to reconsider (Docs. 15, 162); and a citation of supplemental authorities (Doc. 159).

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a district court has the authority to consider a motion for reconsideration under certain circumstances, both before and after the entry of final judgment. Before final judgment, "[d]istrict courts have authority both under [federal] common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case . . . ." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). After final judgment, a motion for reconsideration "that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013).

### A. Motions for Extension of Time

Petitioner seeks an extension of time to file a motion to reconsider. (Docs. 144, 149.) He cannot be seeking interlocutory reconsideration under Rule 54(b) or federal common law, because

a final judgment has already been entered. (*See* Doc. 117.) The Court will accordingly consider Petitioners' motions for extension of time as directed to the filing of a motion under Rule 59(e) or Rule 60(b). The analysis is the same under either rule.

The 2255 Rules provide that the Federal Rules of Civil Procedure may be applied to a § 2255 proceeding, "to the extent that they are not inconsistent with any statutory provisions or these [2255] rules." Rule 12 of the 2255 Rules. The Rules of Civil Procedure state that "[a] court must not extend the time to act under Rules . . . 59 . . . (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). None of the 2255 Rules address motions for reconsideration or the courts' authority to extend the time for motions. The Court is also not aware of any inconsistent statutory provision. Thus, Federal Rule of Civil Procedure 6(b)(2) applies to Petitioner's motions for extension. The Court is accordingly without authority to extend Petitioner's time to file a motion to reconsider, be it under Rule 59(e) or Rule 60(b). The Court will **DENY** Petitioner's motions for an extension of time to file a motion for reconsideration (Docs. 144, 149).

### B. Motions for Judicial Notice and Supplemental Authorities

Petitioner has filed three documents in which he asks the Court to take judicial notice of various matters or submits what he describes as supplemental authorities. (Docs. 151, 159, 162.)

First, Petitioner filed a motion asking the Court to take judicial notice of two opinions in connection with Petitioner's motion to reconsider. (Doc. 151.) The motion also includes a page of the transcript from Petitioner's sentencing hearing and discusses his counsel's statements during the hearing. (*Id.* at 3–6.) The certificate of service on this motion was signed on the same date as the certificate of service on the motion to reconsider, although the motion to reconsider was originally signed a few days earlier. (*Compare* Doc. 150 at 13 with 151 at 8.) The Court recognizes the difficulty in preparing legal documents while incarcerated. The Court will

7

accordingly **GRANT** Petitioner's motion to take judicial notice (Doc. 151) and will consider the contents of Document 151 as part of Petitioner's motion for reconsideration (Doc. 150).

Next, Petitioner filed a document entitled "Citation of Supplemental Authorities Pursuant to 28j Letter," asking the Court to consider three judicial opinions. (Doc. 159.) Petitioner's filing cites Rule 28j of the Federal Rules of Civil Procedure. (Doc. 159 at 1.) Rule 28 of the Federal Rules of Civil Procedure deals with depositions and does not have a subsection (j). Presumably, Petitioner intends to rely instead on Rule 28(j) of the Federal Rules of Appellate Procedure. Those rules, however, do not generally apply to proceedings in district court. On the other hand, Rule 7.1(d) of the Local Rules of the United States District for the Eastern District of Tennessee allows a party to "file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." One of the three opinions Petitioner cites was already encompassed in his earlier motion to take judicial notice (Doc. 151), and was accordingly addressed in the preceding paragraph. The other two opinions were issued after Petitioner filed his motion for reconsideration (Doc. 150). In light of Petitioner's *pro se* status, the Court construes Document 159 as a supplemental brief under Local Rule 7.1(d) and will consider its contents as part of Petitioner's motion for reconsideration (Doc. 150).

Last, Petitioner filed a second motion to take judicial notice and for a hearing. (Doc. 162.) The matters as to which Petitioner asks the Court to take judicial notice are a state-court order that Petitioner says is already in the record; his state-court plea agreement, which is also already in the record (*see* Doc. 144 at 23); and certain judicial opinions which were issued before Petitioner filed his motion for reconsideration. (Doc. 162.) The motion is moot to the extent it asks the Court to take judicial notice of matters that are already before the Court. The motion is without legal foundation to the extent it asks the Court to consider additional briefing on matters which could have been addressed in his motion for reconsideration, and are therefore not proper material for a

8

supplemental brief under Local Rule 7.1(d). A hearing is unnecessary for the Court to resolve Petitioner's second motion for judicial notice, and Petitioner is not otherwise entitled to a hearing. (*See infra* § IV(C).) Therefore, the Court will **DENY** Petitioner's second motion to take judicial notice and for a hearing (Doc. 162).

### C. Motion for Reconsideration

As discussed above, a motion for reconsideration may be made under Rule 54(b), federal common law, Rule 59(e), or Rule 60(b). (*See supra* § IV.) None of these avenues is procedurally viable for Petitioner. Because Petitioner filed his motion for reconsideration after the entry of final judgment, it cannot be considered under Rule 54(b) or federal common law. *Rodriguez*, 89 F. App'x at 959. Because it was filed more than twenty-eight days after judgment (and, more than twenty-eight days after the Court's denial of Petitioner's motion brought expressly under Rule 60(b)), it must be denied as untimely if it is considered under Rule 59(e).[2] *See* Fed. R. Civ. P. 59(e) (motion must be filed within twenty-eight days); *see also Feathers v. Chevron U.S.A, Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (affirming denial of reconsideration motion filed after deadline to the extent it is considered under Rule 59). That leaves only Rule 60(b), and that is not a procedurally viable avenue for Petitioner, either, for the reasons which follow.

Rule 60(b) allows a court, "[o]n motion and just terms, . . . [to] relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). To the extent Petitioner's motion is directed to the denial of his previous Rule 60(b) motion (*see, e.g.*, Doc. 150 at 1 (describing motion as "for reconsideration of [his] Motion to reopen a judgment pursuant to Rule 60(b)"), he has not shown that the denial of a Rule 60(b) motion is itself a "final judgment, order, or proceeding" as required for Rule 60(b) to apply. To the extent his motion

---

[2] As discussed above, the Court is without authority to extend the time to file a motion to reconsider under Rule 59(e). (*See supra* § IV(A).)

could be construed as directed to the judgment in his § 2255 action, the Court has already reconsidered that judgment under Rule 60(b) once at Petitioner's request (Doc. 143). A party is not entitled to file "multiple subsequent motions for reconsideration once the district court has issued an order denying a motion for reconsideration." *Hawkins v. Czarnecki*, 21 F. App'x 319, 320 (6th Cir. 2001). In whatever way Petitioner's pending motion to reconsider is construed, it is improper under Rule 60(b) and must be denied.

As a courtesy to Petitioner, the Court further informs him that it has reviewed the arguments and exhibits in his motions for extension of time (Docs. 144, 149) and his motion to reconsider as supplemented (Docs. 150, 151, 159), and the Court finds no valid grounds to question the legality or justice of his career-offender enhancement under any standard for reconsideration.[3]

---

[3] Interlocutory reconsideration under federal common law or Rule 54(b) is proper when the movant shows either: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).

A court "may grant a timely Rule 59 motion to alter or amend judgment [1] to correct a clear error of law; [2] to account for newly discovered evidence or an intervening change in the controlling law; or [3] to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)).

Rule 60(b) allows a court, "[o]n motion and just terms, . . . [to] relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner continues to argue his evading-arrest convictions were invalid and void and repeats his previously rejected arguments about Tennessee's presumptive-sentencing scheme. A motion to reconsider may not be used to re-argue old matters. *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Rule 54(b) motion is not a means "to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier"); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted) (Rule 59(e) motion cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"); *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

Petitioner also argues that it was an error for the Court not to grant him an evidentiary hearing on his previous Rule 60(b) motion. (Doc. 150 at 1–11.) The various authorities on which Petitioner relies do not apply to a motion after judgment in a § 2255 action. Petitioner was not and is not entitled to an evidentiary hearing.

Petitioner also complains of the Court's statement that Petitioner had not submitted any exhibits showing the state court's ultimate decision on his attack on his predicate convictions. (*See* Doc. 143 at 4 n.3.) Petitioner argues the Court's denial of his previous motion was improperly based on his failure to submit that "ultimate decision," arguing that his filings show he meant to attach it, and further arguing that he had previously provided it to officers of the court. (*See, e.g.,*

---

Fed. R. Civ. P. 60(b). Subdivision (b)(6), which addresses "any other reason", applies "only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). While the Court's discretion in ruling on a Rule 60(b)(6) motion is broad, such a motion is only granted in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original).

Doc. 150 at 3, 4; Doc. 149 at 2.)  The Court's reference to the ultimate decision in Petitioner's state-court action was not an expression of a procedural bar to Petitioner's motion.  It was simply part of the Court's explanation that while none of the exhibits Petitioner had submitted with his Rule 60(b) motion entitled him to relief, it was clear from those exhibits that there should be at least one later state-court order addressing Petitioner's state motion.

Petitioner has placed that final state-court order in the record now, and it once again confirms the lack of merit in Petitioner's argument.  (*See* Doc. 144 at 20–22.)  While the July 2017 Order recites that the trial court found a colorable claim that the evading arrest-sentences were illegal because they were concurrent, rather than consecutive, it affirmed the trial court's dismissal of Petitioner's motion attacking them on timeliness grounds.  (*Id.*)  Convictions and sentences are different things.  An illegal sentence does not make the underlying conviction illegal.  Never does the July 2017 Order, or any of the other orders Petitioner has submitted, cast any doubt on the validity and legality of the underlying convictions.

Petitioner's motion to reconsider (Doc. 150) will be **DENIED** on procedural grounds.  Even if the Court were to consider the motion and supplemental filings (Docs. 144, 149, 150, 151, 159) on their merits, the result would be the same: the Court would deny the motion.


V.     **Motions to Challenge PSR**

Petitioner has filed two motions challenging his presentence investigation report (the "PSR").  (Docs. 146, 148.)  He argues his PSR should be corrected to remove all reference to the state-court sentences that are the subject of his motion to reconsider.

Rule 36 of the Federal Rules of Criminal Procedure allows a trial court at any time to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  The inclusion of these sentences

12

is neither a clerical error in this Court's record, nor is it an error arising from oversight or omission. Petitioner's motions to challenge his PSR (Docs. 146, 148) will be **DENIED**.

## VI.    Motion for Bond

Petitioner has filed a motion for bond and an affidavit in support.  (Docs. 160, 161.) Petitioner asks the Court to release him on bond pending resolution of his Rule 60(b) motion. (Doc. 160.)  He refers to his Rule 60(b) motion filed in March 2018.  (*See* Doc. 160 at 1.)  That motion was denied before Petitioner filed his motion for bond.  (*See* Doc. 143.)  The Court is now also denying Petitioner's motion to reconsider the denial of Petitioner's original Rule 60(b) motion.  (*See supra* § IV(C).)  Because all of Petitioner's motions to reconsider are being resolved, Petitioner's request to be released pending the resolution of such a motion is moot.

Petitioner's motion asserts compassionate release based on the COVID-19 pandemic as an alternative ground for being placed on bond.  (Doc. 160 at 13–14.)  Compassionate release and bond pending a resentencing hearing are separate legal concepts.  To the extent Petitioner is seeking compassionate release, he has not shown that he has met the procedural prerequisites.  *See* 18 U.S.C. § 3582(c)(1)(A) (defendant may bring motion for compassionate release after fully exhausting administrative rights to appeal failure of Bureau of Prisons to bring a motion or lapse of thirty days from receipt of request by warden).

Petitioner's motion for bond (Doc. 160) will accordingly be **DENIED**.

## VII. CONCLUSION

For the reasons set forth above, Petitioner's first motion to take judicial notice (Doc. 151) will be **GRANTED**, and his motions for extension, for judicial notice (second) and for a hearing, to reconsider, to challenge his PSR, and for bond (Docs. 144, 146, 148, 149, 150, 160, 162) will be **DENIED**.


**AN APPROPRIATE ORDER WILL ENTER.**


/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**